Edward J. LACKNER, individually; Doris K. Lackner, individually; and Richard I. Kornfeld, individually, Plaintiffs–Appellants,

v.

Paul W. KING, Defendant,

and concerning Ina M. Lagae, Intervenor–Appellee.

No. 96CA1340.

Colorado Court of Appeals, Div. II.

June 11, 1998.

Rehearing Denied Aug. 13, 1998.

Certiorari Granted March 8, 1999.

Elrod, Katz, Preeo, Look, Moison & Silverman, P.C., Jersey M. Green, Denver, for Plaintiffs–Appellants.

No Appearance for Defendant.

Banta, Hoyt, Everall & Farrington, Richard J. Banta, Englewood, for Intervenor–Appellee.

Opinion by Judge JONES.

Plaintiffs, Edward J. Lackner, Doris K. Lackner, and Richard I. Kornfeld, appeal from a judgment entered on an objection to and traverse of notices of levy or seizure. We vacate the judgment and remand with directions.

The primary issue to be determined here is whether a personal representative's deed

conveyed to defendant, Paul W. King, an ownership interest in property which is subject to execution by plaintiffs as King's judgment creditors.

The levy or seizure on the property in question arises from plaintiffs' attempts to satisfy two default judgments against King. In July 1995, default judgments were entered in favor of plaintiffs, Edward J. and Doris K. Lackner and against King in the amounts of $136,134.85 and $161,720.60, respectively, plus fees and costs. One month later, in August 1995, default judgment was entered in favor of plaintiff Richard I. Kornfeld and against King in the amount of $27,135, plus fees and costs. In total, the judgments against King and in favor of plaintiffs equal $324,990, exclusive of attorney fees, interest, and costs.

In December 1995, plaintiffs attempted to satisfy their judgments by serving King with a notice of levy or seizure on three parcels of real property located in Douglas County. These parcels of land had been conveyed to King and another in December 1993 via a personal representative's deed executed by intervenor, Ina May Lagae. The deed, which was recorded on January 5, 1995, conveyed the property to King as co-trustee of the "J.Y. Lagae Revocable Trust." King, along with the other trustee, executed a trust registration statement on January 26, 1995, pursuant to § 15–16–101, C.R.S.1997.

An affidavit of trust was also recorded on March 6, 1995, pursuant to §38–30–166, C.R.S.1997. However, the affidavit does not include a description of the property, and it fails to make reference to the deed.

In response to plaintiffs' notices of levy or seizure, King filed an objection and a claim of exemption, arguing that his only interest in the property was as co-trustee in a fiduciary capacity. In addition, after receiving permission to intervene, Lagae filed a motion to quash and to set aside the notices of levy or seizure, claiming that the property is owned by the "J.Y. Lagae Revocable Trust," of which she is the sole beneficiary during her lifetime.

After a hearing on the matter, the trial court granted the motion, concluding that the property was conveyed to King in his fiduciary capacity for the benefit of the trust. Accordingly, it quashed and set aside the notices of levy or seizure.

On review, we must determine whether King has an interest in the property which is subject to execution by his creditors.

The basis for the trial court's conclusion that King did not possess an ownership interest in the property was that the affidavit of trust provided notice of King's fiduciary capacity, thereby satisfying the requirements of §38–30–108, C.R.S.1997. We disagree with this conclusion.

Section 38–30–108 sets forth the guidelines a grantor must follow in order to provide notice that the grantee is being conveyed real estate, or an interest therein, in a representative capacity. This statute provides:

[In] all instruments conveying real estate, or interests therein, in which the grantee is described as trustee, agent, conservator, executor, administrator, or attorney-in-fact, or in any other representative capacity, said instruments shall also name the beneficiary so represented and define the trust and other agreement under which the grantee is acting, or refer, by proper description to book, page, document number, or file[,] to an instrument, order, decree, or other writing which is of public record in the county in which the land so conveyed is located in which such matters appear; otherwise the description of a grantee in any such representative capacity in such instruments of conveyance shall be considered and held a description of the person only and shall not be notice of trust or other representative capacity of such grantee.

▮ The statute plainly mandates, *inter alia*, that both a definition of the trust and identification of the beneficiary be provided when a conveyance is to one who is holding the ownership interest in trust for another. Furthermore, by its express language, the statute applies only to "instruments conveying real estate, or interests therein."

▮ Accordingly, in determining whether an instrument conveying real property has properly given notice of the fiduciary capaci-

ty of the grantee, a court's preliminary focus is on the instrument of conveyance and its plain language. However, if such instrument does not contain the requisite information, §38–30–108 also permits a court to look to certain public records for compliance, as long as such records are expressly referenced in the deed and, by implication, if the property is referenced in such public records. *See* D. Cain, A. *Shenkin. & W. Cantwell, The Care And Feeding Of Individual Trustees,* 39 Colo. L.Rev. 205 (1967); P. Morris, *Curative Statutes of Colorado Respecting Titles To Real Estate,* 26 Dicta 321 (1949)(revision of article that appeared at 16 Dicta 35 and 71 (1939)) (all articles referring, respectively, to predecessor statutes to §38–30–108).

Here, the trial court first determined that the instrument of conveyance, the personal representative's deed, failed to satisfy the requirements of §38–30–108 because it did not identify intervenor as beneficiary. A review of the record indicates that this conclusion is correct.

Faithful to the statute, the trial court then looked to a public record, namely, the affidavit of trust, for compliance. The court found that the affidavit of trust sufficiently met the requirements of §38–30–108, stating in its findings: "The Affidavit of Trust . . . [gives] notice to the world that the property described in the Deed is part of the Trust."

The record indicates, however, that there is no reference in the deed to the affidavit of trust. Similarly, the affidavit of trust does not reference the deed. Consequently, by giving the affidavit of trust a defining consideration, the court went beyond the scope of §38–30–108, which permits consideration of only those documents to which the conveying instrument "refer[s], by proper description to book, page, document number, or file to an instrument, order, decree, or other writing which is of public record in the county in which the land so conveyed is located in which such matters appear . . . ."

 Thus, contrary to the view expressed by the trial court, we conclude that the statute does not provide that sufficient notice is given when a public document references a deed, but the deed does not reference the public document. Because the deed here does not contain a reference to the affidavit of trust, we conclude as a matter of law that it does not satisfy the requirements of §38–30–108.

 While this result may seem to be harsh, our duty is to give effect to the plain meaning of the words of the statute. *See City of Lakewood v. Mavromatis,* 817 P.2d 90 (Colo.1991); *Aspen Drilling Co., Inc. v. Hayes,* 876 P.2d 86 (Colo.App.1994). Here, we have done no more than that.

Accordingly, the judgment is vacated, and the cause is remanded to the trial court with directions that, it deny defendants' traverse and motion to quash and set aside the notices of levy or seizure, and for other proceedings consistent with the views expressed in this opinion.

CRISWELL and TAUBMAN, JJ., concur.